<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————

**No. 05-1639**

———————

CYNTHIA LEE; SHAUNTE LEE,

Plaintiffs - Appellants,

versus

PRINCE WILLIAM COUNTY SCHOOL BOARD; DR.
WILLIAM ASHBY BIRCHETTE, in his official
capacity; DR. KAREN SPILLMAN, in her official
capacity,

Defendants - Appellees.

———————

**No. 05-1640**

———————

CYNTHIA LEE,

Plaintiff - Appellant,

versus

CHILDREN'S SERVICES OF VIRGINIA, INCORPORATED;
SABBAM T. SABBAGH; FAIRFAX COUNTY,

Defendants - Appellees,

and

MARILYN HALLOWELL; VIRGINIA DEPARTMENT OF
FAMILY SERVICES, Fairfax County,

Defendants.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (CA-05-100; CA-05-153)

Argued:  November 29, 2006                Decided:  January 24, 2007

Before MICHAEL and SHEDD, Circuit Judges, and David A. FABER, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Owaiian Maurice Jones, Fredericksburg, Virginia, for Appellants.  Virginia Margaret Sadler, JORDAN, COYNE & SAVITS, L.L.P., Fairfax, Virginia; Mark Howard Bodner, Fairfax, Virginia; Ann Gouldin Killalea, OFFICE OF THE COUNTY ATTORNEY, Fairfax, Virginia, for Appellees.  **ON BRIEF:** Corey L. Poindexter, LAW OFFICES OF OWAIIAN M. JONES, Fredericksburg, Virginia, for Appellants.  David P. Bobzien, County Attorney, Peter D. Andreoli, Jr., Deputy County Attorney, OFFICE OF THE COUNTY ATTORNEY, Fairfax, Virginia, for Appellee Fairfax County; John O. Easton, JORDAN, COYNE & SAVITS, L.L.P., Fairfax, Virginia, for Appellees Prince William County School Board, William Ashby Birchette, and Karen Spillman.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

This appeal arises from two unrelated cases filed by Cynthia Lee that were consolidated in the district court. In both cases, the district court dismissed Lee's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, we review de novo the decision of the district court, taking as true the facts alleged in the complaint. Williams v. Giant Food Inc., 370 F.3d 423, 434 (4th Cir. 2004). For the reasons that follow, we affirm the decisions of the district court.

I

The first case, Lee v. Prince William County School Board, arises out of a dispute between Lee and her daughter's high school. Lee's daughter, Shaunte, was permitted to attend Woodbridge High School ("Woodbridge") for the first three years of high school even though the Lees did not live in the Woodbridge school district. Lee alleged that the Prince William County School Board ("PWCSB") and its agents retaliated against her and Shaunte after Lee appealed several disciplinary and administrative decisions of the Woodbridge faculty. Specifically, Lee alleged PWCSB and its agents retaliated by denying her appeal of disciplinary action taken against Shaunte in geometry class, by denying her request to transfer Shaunte to a different geometry class, and by deciding not

to allow Shaunte to attend Woodbridge during her final year of high school.

Lee's complaint stated three claims: (1) violation of her First Amendment rights, pursuant to 42 U.S.C. § 1983; (2) violation of the Rehabilitation Act; and (3) intentional infliction of emotional distress under Virginia law. Addressing the First Amendment claim, the district court held that Lee's speech had not been adversely affected or chilled in any way, as required by Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685-86 (4th. Cir. 2000), because she availed herself of the appeals process and ultimately procured Shaunte's admission to Woodbridge for her senior year. The district court also decided that the other acts taken against Lee and Shaunte were nothing more than de minimus inconveniences, which do not amount to a constitutional violation under Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 500 (4th Cir. 2005). The district court further held that Lee's Rehabilitation Act claim was barred by the statute of limitations.[*] After dismissing Lee's two federal claims, the district court dismissed without prejudice Lee's intentional infliction of emotional distress claim.

---

[*]Lee argues for the first time on appeal that the statute of limitations was tolled. Because Lee did not raise this argument in the district court, we do not consider it. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

4

As stated above, we review <u>de novo</u> the decision of the district court and assume the truth of all the facts alleged in Lee's complaint. <u>Williams</u>, 370 F.3d at 434. Having conducted such a review, we find no error. We therefore affirm the dismissal of this case substantially on the reasoning of the district court.

II

The second case, <u>Lee v. Children's Services of Virginia, Inc.</u>, arises out of Lee's status as a foster parent. Lee was the foster parent of two children, M.L.P. and S.Y., pursuant to a contractual arrangement with Children's Services of Virginia, Inc. ("CSV"). Due to behavioral problems, Lee eventually sought removal of S.Y. from her home. Later, Lee found out that S.Y. would be placed with another foster parent in the same school district. The possibility of M.L.P. and S.Y. attending the same school alarmed Lee, and she contacted CSV to voice her concerns. CSV and its agents responded in a rude manner and refused to grant Lee's request to place S.Y. in a different school. Lee then contacted M.L.P.'s school to explain the problem. CSV placed Lee on probation, asserting that she failed to cooperate with the treatment plan recommendation for visitation, she made inappropriate phone calls to a Fairfax County worker, and she breached her duty of confidentiality by contacting M.L.P.'s school. After Lee continued to protest S.Y.'s placement,

CSV removed M.L.P. from her foster care without notifying her or giving her an opportunity to contest the removal.

Lee's complaint stated five claims: (1) violation of her First Amendment rights, pursuant to 42 U.S.C. § 1983; (2) violation of the Americans with Disabilities Act (ADA); (3) violation of the Rehabilitation Act; (4) intentional infliction of emotional distress under Virginia law; and (5) violation of her Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. By oral order, the district court dismissed Lee's First Amendment claim because it found that she was not speaking on a matter of public concern when discussing M.L.P.'s specific, individual needs at school; thus, according to the district court, she failed to allege facts sufficient to meet the requirements of Pickering v. Board of Education, 391 U.S. 563, 568 (1968). The district court next addressed Lee's ADA and Rehabilitation Act claims, dismissing both for a single reason: i.e., Lee alleged no discrimination on the basis of a disability. The district court dismissed Lee's intentional infliction of emotional distress claim because it found that the facts alleged in the complaint, even if true, could not reasonably be considered sufficiently outrageous or intolerable to support a claim under Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974).

Several weeks after entering its oral order dismissing Lee's other claims, the district court issued a written order that

6

disposed of Lee's Fourteenth Amendment claim. In the order, the district court took judicial notice of a Fairfax County juvenile court order that approved an interim plan for Lee's foster care of M.L.P. The juvenile court order articulated the goal of eventually making Lee the permanent foster care placement for M.L.P. The district court dismissed Lee's Fourteenth Amendment claim because, as a foster parent who had not yet attained permanent custody under Virginia law, she had neither a liberty interest nor a property interest in her continued relationship with M.L.P. The district court based its ruling on Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993), and Royster v. Board of Trustees of Anderson County School District Number Five, 774 F.2d 618, 620 (4th Cir. 1985).

Again, we review the decision to dismiss this case de novo, taking as true the facts alleged in Lee's complaint. Williams, 370 F.3d at 434. We have reviewed the record under this standard and find no error. Thus, we affirm the dismissal substantially on the reasoning of the district court.

III

For the foregoing reasons, we affirm the decision of the district court in both cases.

AFFIRMED

7